IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MARCOS A. CASTILLO TALAVERA                                              PLAINTIFF

   v.     Civil No. 07- 5122

UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES; and IMMIGRATION
AND CUSTOMS ENFORCEMENT (ICE)                                            DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Marcos A. Castillo Talavera filed this civil rights action pursuant to 42 U.S.C. § 1983. He proceeds pro se and *in forma pauperis*. The case is before the undersigned for a determination of whether service of process should issue.

## Background

According to the allegations of the complaint, on December 31, 2000, Castillo Talavera was deported to Nicaragua. He was at the time and still is married to an American citizen. Castillo Talavera contends the deportation was wrongful. He maintains he was never given an opportunity to prove he was an American citizen. He asserts he was told he failed to appear at a court proceeding and had signed for a certified letter. He maintains he never received the letter and did not sign for it.

Following his deportation, he returned to America to his wife and children. On March 21, 2007, Castillo Talavera was arrested and an Immigration and Customs Enforcement (ICE) hold was placed on him.

Castillo Talavera has applied for political asylum. On June 29, 2007, he received a letter from the United States Citizenship and Immigration Services (Immigration Services) stating his

-1-

application for asylum was accepted and he could remain in the United States while it was pending and ruled on by a Magistrate. Upon notification, he was advised he had fourteen days to appear at the office in Fort Smith, Arkansas, for his fingerprints and photograph to be collected to process his application.

Because of the ICE hold, Castillo Talavera states he cannot make arrangements to be transported to the Immigration Services office for his fingerprints and photograph to be taken. Castillo Talavera maintains he is a political refugee from Nicaragua. If he is returned to Nicaragua, he maintains he will be executed. He also maintains he is a United States citizen by virtue of his marriage to a citizen of the United States. By not allowing him to be transported to complete his asylum proceedings, Castillo Talavera maintains ICE is violating his due process rights.

As relief, he asks that the court block his deportation, find him to be a citizen of the United States, grant him asylum, and award him compensatory damages.

## Discussion

This case is subject to dismissal. Castillo Talavera asks for this court to block his deportation and rule that he is entitled to asylum. *See Desna v. Gonzales*, 454 F.3d 896, 898-899 (8th Cir. 2006)(Entitlement to asylum requires the applicant to show persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. The burden of proof for withholding of removal is even higher. The applicant must establish it is more likely than not that the applicant would be subject to persecution on one of the specified grounds). The determination of eligibility for asylum is vested in the Secretary of Homeland Security or the Attorney General pursuant to 8 U.S.C. § 1158(b). *See Immigration and Naturalization Service v. Ventura,* 537 U.S. 12, 123 S. Ct. 353, 355, 154 L. Ed. 2d 272 (2002) (holding that "the law entrusts the agency to make the

basic asylum eligibility decision" and that "a 'judicial judgment cannot be made to do service for an administrative judgment' " (citations omitted)).

In general, the administrative process involved in asylum applications consists of three steps. At the first step, the application is processed by a service center or asylum office. 8 C.F.R. § 208.4(b). At the second step, an immigration judge issues a decision. 8 C.F.R. § 1208.4(b)(3). At the third step, the Board of Immigration Appeals (BIA) issues a decision. 8 C.F.R. § 1003.1(b). Once the administrative process has been exhausted, the court reviews the BIA's decision to determine if substantial evidence supports the decision. *See Immigration and Naturalization Service v. Elias-Zacarias,* 502 U.S. 478, 481, 112 S. Ct. 812, 117 L. Ed. 2d 38 (1992); *Krasnopivtsev v. Ashcroft*, 382 F.3d 832, 837 (8th Cir. 2004). *See also* 8 U.S.C. § 1252(a). "Only the BIA's order is subject to [the court's review], including the [immigration judge's] findings and reasoning to the extent they were expressly adopted by the BIA." *Fofanah v. Gonzales*, 447 F.3d 1037, 1040 (8th Cir. 2006).

Here, no decision has been made on Castillo Talavera's application for asylum. The case there cannot be brought to federal court at this stage in the process.

## Conclusion

I therefore recommend that this case be dismissed on the grounds plaintiff has failed to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action, or any portion thereof, may be dismissed on such grounds at any time).

**Castillo Talavera has ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Castillo Talavera**

**is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 19th day of September 2007.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE